942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Simon COVARRUBIAS-MUNOZ, Defendant-Appellant.
 No. 91-50006.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug 12, 1991.*
Decided Aug. 26, 1991.
 
 1
 Before CHAMBERS and WALLACE, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 I INTRODUCTION
 
 3
 Simon Covarrubias-Munoz appeals the legality of his sentence imposed by the district court following his plea of guilty to a one-count superseding information charging him with being a deported alien found within the United States in violation of 8 U.S.C. § 1326. We review de novo the district court's interpretation of the guidelines. United States v. Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990). We also review de novo challenges to the constitutionality of the guidelines. United States v. Brady, 895 F.2d 538, 539 (9th Cir.1990). We affirm.
 
 II FACTS AND PROCEDURAL HISTORY
 
 4
 Covarrubias-Munoz was arrested by officers of the San Diego Police Department for various violations of state controlled substance laws. On June 13, 1990 a federal grand jury sitting in the Southern District of California returned a one-count indictment charging the appellant with being a deported alien found within the United States, and the deportation occurring subsequent to a felony conviction, in violation of 8 U.S.C. § 1326. On August 27, 1990 the appellant entered a guilty plea to a one-count superseding information which charged the appellant with being a deported alien found within the United States in violation of 8 U.S.C. § 1326. The superseding information did not include reference to the prior felony conviction.
 
 
 5
 A presentence report was ordered and prepared. The probation officer calculated the adjusted offense level as level 10 with a criminal history category of VI resulting in a guideline range of 24-30 months. However, the offense to which the appellant pled guilty has a statutory maximum sentence of two years. Title 8 U.S.C. § 1326(a). A sentence of 24 months was imposed.
 
 III DISCUSSION
 
 6
 "In reviewing a sentence under the sentencing guidelines, the panel must determine, inter alia, whether the sentence (1) 'was imposed as a result of an incorrect application of the sentencing guidelines' and (2) 'is outside the application [sic] guideline range, and is unreasonable', 18 U.S.C. § 3742(e)." United States v. Turner, 898 F.2d 705, 708 (9th Cir.1990) (citing United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989)).
 
 
 7
 A two-step process is used to determine the base offense level under the sentencing guidelines. U.S.S.G. § 1B1.2; Turner, 898 F.2d at 710 n. 3. First, the district court determines the guideline section from Chapter Two which applies to the offense of conviction. Second, the court applies the factors as set forth in the Relevant Conduct guideline, § 1B1.3, and determines the applicable base offense level. Id. It is during this process that specific offense characteristics such as § 2L1.2(b)(1) are factored in to determine the base offense level. U.S.S.G. § 1B1.3(a)(ii); U.S.S.G. § 1B1.2, comment. (n. 2).
 
 
 8
 The district court correctly applied the specific offense characteristic as set forth in U.S.S.G. § 2L1.2(b)(1) to the appellant.
 
 
 9
 Section 1B1.3(a)(4) directs the district court to determine the specific offense characteristics applicable to a defendant by looking to "any other information specified in the applicable guideline." Section 2L1.2(b)(1) provides that the base offense level of eight should be increased four levels when "the defendant previously was deported after sustaining a conviction for a felony...." Here, the appellant does not challenge the fact that he was previously deported after being convicted of a felony as was set forth in the presentence report, argued for on behalf of the government, and adopted by the district court.
 
 
 10
 Covarrubias-Munoz' guideline range was correctly calculated by the district court to be 24-30 months. The statutory maximum sentence for the crime of conviction is two years. Title 8 U.S.C. § 1326(a). The appellant was sentenced to 24 months in custody. This sentence was within the applicable guideline range and does not appear to be unreasonable. Turner, 898 F.2d at 708.
 
 
 11
 As set forth above, the appellant pled guilty to a charge which carries a statutory maximum sentence of two years. Title 8 U.S.C. § 1326(a). He was originally indicted for a charge which carries a statutory maximum sentence of five years. Title 8 U.S.C. § 1326(b). After plea negotiations, the appellant entered a guilty plea to a one-count superseding information containing the reduced charge. By limiting his exposure to two years in custody instead of a possible five years in custody, Covarrubias-Munoz clearly received a substantial benefit from his plea bargain.
 
 
 12
 The application of U.S.S.G. § 2L1.2(b)(1) to the appellant does not violate his due process rights to an indictment, trial by jury, or to have every element of a charge proved beyond a reasonable doubt. This court has held that the factors a district court relies upon in establishing the appropriate guideline level need not be proved beyond a reasonable doubt, and that the use of the preponderance of the evidence standard for sentencing does not violate a defendant's due process rights. United States v. Wilson, 900 F.2d 1350, 1352-54 (9th Cir.1990).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3